FILED

JAN 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAELA GONZALEZ-RIOS, | No. 05-76935 |
| Petitioner, | Agency No. A023-055-742 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN, [**] District
Judge.

Rafaela Gonzalez-Rios is a native and citizen of Mexico who petitions for

review of the Board of Immigration Appeals' ("BIA") decision denying her

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Barbara Lynn, U.S. District Judge for the Northern
District of Texas, sitting by designation.

application for a waiver of her deportability as an aggravated felon. *See INS v. St. Cyr*, 533 U.S. 289, 295 (2001) (citing the former 8 U.S.C. § 1182(c)). The record reflects she was never granted lawful permanent resident ("LPR") status, but she contends the government should be estopped from denying that she has LPR status for purposes of determining eligibility for the waiver. We have jurisdiction to review the estoppel issues. *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (holding REAL ID Act restored jurisdiction over mixed questions of law and fact).

On the merits, however, Gonzalez-Rios' estoppel arguments fail. She was aware at all times that the government had never granted her applications for adjustment of status and that she had failed to post the bond the government requested in 1989 in order to process her application; traditional equitable estoppel requirements are therefore not met. *See Salgado-Diaz v. Ashcroft*, 395 F.3d 1158, 1165-67 (9th Cir. 2005). She also cannot establish the affirmative misconduct required to estop the government. Delay alone is not sufficient, *INS v. Miranda*, 459 U.S. 14, 18 (1982); *Jaa v. INS*, 779 F.2d 569, 572 (9th Cir. 1986), and she offers nothing more.

2

The contention that her parents' status should be imputed to her was never presented to the BIA and is therefore unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2003).

The petition for review is **DENIED**.